UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONIO RAMIREZ-MONROY, <br><br> Petitioner, <br><br> v. <br><br> LOWELL CLARK, et al., <br><br> Respondents. | Case No. C14-1075-JCC-BAT <br><br> **REPORT AND RECOMMENDATON** |

Antonio Ramirez-Monroy, who was in immigration detention at the Northwest Detention Center, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241, seeking a bond hearing. Dkt. 1. Mr. Ramirez-Monroy named the Department of Homeland Security ("DHS") as the sole respondent. DHS filed a return and status report ("RSR") and moved to dismiss, arguing, among other things, that it was not a proper respondent. Dkt. 9. The Court agreed. Dkt. 11. In light of Mr. Ramirez-Monroy's *pro se* status and to expeditiously resolve the case on the merits, the Court substituted the current respondents and directed them to file a supplemental RSR. *Id.* Respondents now contend that Mr. Ramirez-Monroy's habeas petition is moot because he has been released on supervision. Dkt. 18. Mr. Ramirez-Monroy did not file a response disputing respondents' assertion.

The Court agrees with respondents that this action is moot. Although Mr. Ramirez-

REPORT AND RECOMMENDATON- 1

Monroy did not receive the bond hearing he has asked the Court to order, he obtained the ultimate relief that would have flowed from a favorable hearing—release from immigration detention. And given that he is not currently detained, the Court can no longer grant the requested relief. Therefore, his claim is moot. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (claims are moot where court cannot provide the requested relief).

For the foregoing reasons, the Court recommends that respondents' motion to dismiss, Dkt. 9, be **GRANTED**, Mr. Ramirez-Monroy's habeas petition, Dkt. 1, be **DENIED**, and this action be **DISMISSED** without prejudice. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **November 26, 2014.** The Clerk should note the matter for **November 28, 2014**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

DATED this 4th day of November, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON- 2